225 A.2d 792.

KLEISTONE RUBBER COMPANY, INC. *vs.* JOHN RODERICK.

JANUARY 27, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is an employer's petition to review a decree of the workmen's compensation commission which had been entered by the consent of the parties hereto and provided payment for the employee's partial incapacity. From the decree of a single commissioner suspending any further payments of compensation, the employee appealed to the full commission. The full commission affirmed that decree and the employee is prosecuting an appeal therefrom.

The instant petition to review was filed with the commission on December 6, 1965. The employee was examined by a physician on January 12, 1966. At the hearing before the trial commissioner on February 1, 1966, the physician testified that as a result of the January examination he was of the opinion that employee was in no way disabled. This opinion was the basis of the granting of employer's petition.

While employee urges reversal of the commission on other grounds that merit no discussion here, the main thrust of his argument before us was that the testimony of the physician should be disregarded because his examination occurred after employer had filed the instant petition. We disagree. The burden on employer in this case is to present *at the hearing* legally competent evidence relevant to the cessation of employee's disability. The competency of this evidence is not destroyed one whit because it was obtained subsequent to the filing of employer's petition. There is

nothing in the workmen's compensation act which prohibits one from filing a petition without his having at that time the pertinent evidence. We point out that the general assembly, however, has effectively forestalled any undue harassment of an employee that might occur by an employer's persistent and indiscriminate filing of petitions to review when the legislature provided in G. L. 1956, §28-35-32, as amended, for the payment by an employer of a fee to the attorney of an employee who has successfully defended in whole or in part an employer's petition to review.

The employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Boss, Conlan, Keenan & Rice, H. Eliot Rice,* for petitioner.

*Raul L. Lovett,* for respondent.